UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| LUCILLE COQUERAN; an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COMENITY BANK; a federally-chartered bank; and DOES 1 to 10, inclusive,<br><br>　　　　Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

## COMPLAINT FOR DAMAGES

### I.　　INTRODUCTION

1.　　Lucille Coqueran (hereinafter "Plaintiff") brings this action against Comenity Bank (hereinafter "Defendant") for violations of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227.  The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission (hereinafter "FCC").

### II.　　JURISDICTION AND VENUE

2.　　Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3.　　 Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Plaintiff resides in this District, Defendant transacts business in this District and Defendant's

collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

### III.     PARTIES

4.      Plaintiff is an individual residing in Glendale, Queens County, New York 11385.

5.      Defendant is a foreign corporation, registered under the laws of the State of Delaware.  Upon information and belief, Defendant's Registered Agent for Service of World Financial Network Bank, One Righter Parkway, Wilmington, DE 19803.

6.      The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

### IV.     FACTUAL ALLEGATIONS

7.       At all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers 614-729-5607, 614-729-6087, 614-729-6090, 303-255-5352, and 913-563-5511.  At all times relevant to this action, Defendant called Plaintiff from, but not limited to, telephone numbers 614-729-5607, 614-729-6087, 614-729-6090, 303-255-5352, and 913-563-5511.

8.      Within one year prior to the filing of this action, Defendant constantly and continuously called Plaintiff at, but not limited to, Plaintiff's cellular telephone number 917-513-7749.

9. On or about January 11, 2014, Defendant called Plaintiff's cellular telephone. Plaintiff answered the telephone and requested that Defendant cease calling her in the future.

10. Subsequent to January 11, 2014, Defendant called Plaintiff on Plaintiff's cellular telephone no less than two (2) times.

11. On or about January 12, 2014, Defendant called Plaintiff's cellular telephone. Plaintiff answered the telephone and requested that Defendant cease calling her in the future.

12. Subsequent to January 12, 2014, Defendant called Plaintiff on Plaintiff's cellular telephone no less than twenty-five (25) times.

13. On or about January 17, 2014, Plaintiff requested in writing that Defendant cease calling Plaintiff. A true and correct copy of the above-referenced letter is attached hereto and included herein as Exhibit "A".

14. Subsequent to the January 17, 2014 letter, Defendant called Plaintiff on Plaintiff's cellular telephone no less than twenty-four (24) times.

15. On or about January 28, 2014, Plaintiff requested in writing that Defendant cease calling Plaintiff. A true and correct copy of the above-referenced letter is attached hereto and included herein as Exhibit "B".

16. At all times relevant to this action, while conducting business in New York, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

17. At all times relevant to this action, Defendant owned, operated and/or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

18. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number (917) 513-7749 multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

19. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

20. Even assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on, but not limited to, the following dates and times:

(a) On or about January 11, 2014, Plaintiff orally revoked consent for Defendant to contact Plaintiff on Plaintiff's cellular telephone;

(b) On or about January 12, 2014, Plaintiff orally revoked consent for Defendant to contact Plaintiff on Plaintiff's cellular telephone;

(c) On or about January 17, 2014, Plaintiff revoked consent for Defendant to contact Plaintiff on Plaintiff's cellular telephone in writing;

(d) On or about January 28, 2014, Plaintiff revoked consent for Defendant to contact Plaintiff on Plaintiff's cellular telephone in writing;

21. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

22. Defendant is not a tax exempt nonprofit organization.

23. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff demanded no less than four (4) times that Defendant cease contacting Plaintiff on Plaintiff's cellular telephone.

24. Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than twenty-seven (27) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

## V.   CAUSE OF ACTION

**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)**

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone

5

number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)     Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

27.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

28.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)     Declaratory judgment that Defendant's conduct violated the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

(b)     An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c)     Actual damages pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d)     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(e)     As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(f)     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(g)     For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: April 10, 2014                    RESPECTFULLY SUBMITTED,


                                         By: /s/ Michael Lupolover
                                         Michael Lupolover, Esq.
                                         The Law Offices of Michael Lupolover, P.C.
                                         180 Sylvan Ave. 2nd Floor
                                         Englewood Cliffs, NJ 07632
                                         T: 201-461-0059
                                         F: 201-608-7116
                                         mlupolover@lupoloverlaw.com